UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dannielle A. Matthews, | Case No. 23-CV-1030 (PAM/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Michael Segal, Warden, | |
| Respondent. | |

Petitioner Dannielle A. Matthews is one of several prisoners at the Federal Correctional Institution in Waseca, Minnesota who has filed a petition for a writ of habeas corpus in recent months alleging that the Federal Bureau of Prisons has failed to award time credits earned by prisoners under the First Step Act of 2018 ("FSA") (Dkt.1). Matthews's Petition is now before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]  This Court recommends that the Petition be denied and this matter dismissed pursuant to Rule 4.

Under the FSA,

> [a] prisoner . . . who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:
>
> > (i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in

---

[1] Matthews's Petition is not brought under 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to her petition.  *See* Rule 1(b).

1

> evidence-based recidivism reduction programming or productive activities.
>
> (ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

18 U.S.C. § 3632(d)(4)(A). Although all prisoners, regardless of recidivism level, may earn time credits, but only prisoners determined "to be a minimum or low risk to recidivate" are eligible to apply those time credits towards the acceleration of their release from the custody of the Federal Bureau of Prisons and placement on supervised release. *See* 18 U.S.C. § 3624(g)(1)(D)(ii).

The habeas petition filed by Matthews is not entirely clear on this point, but she appears to be arguing that the BOP has misapplied the FSA in two ways. Both substantive claims, however, are flatly contradicted by the text of the statute.

First, Matthews argues that she is entitled to apply any time credits that she has earned towards the acceleration of her placement on supervised release even though she has not been found "to be a minimum or low risk to recidivate" by the Federal Bureau of Prisons. 18 U.S.C. § 3624(g)(1)(D)(ii). Matthews appears to be conflating two different provisions of the FSA. All prisoners, regardless of risk to recidivate, are entitled to *earn* time credits under the FSA. *See* 18 U.S.C. § 3632(d)(4). But under the plain text of the FSA, only prisoners found "to be a minimum or low risk to recidivate" are eligible to

2

*apply* those time credits towards acceleration of their release from custody.[2] *See* 18 U.S.C. § 3624(g)(1)(D)(ii). The statute could not be clearer in this regard. Matthews is entitled to earn time credits (and has been earning time credits, Pet. Ex. at 7 [Dkt. No. 1-1]) as she participates in programming, but she may not apply those time credits towards her release date until she reduces her recidivism score.

Second, Matthews has enrolled simultaneously in many evidence-based recidivism reduction programs, *see* Pet. Ex. at 1, and she believes that the FSA entitles her to earn 10 days of time credits per month for each class in which she is enrolled—for example, on Matthews's reading of the FSA, a prisoner enrolled in ten classes would be entitled to 100 days' worth of time credits per month enrolled in those classes. To date, this interpretation of the FSA has universally been rejected, including here in this District. *See Rice v. Segal*, No. 23-CV-0751 (ECT/DJF), Dkt. No. 6 (D. Minn. Apr. 24, 2023); *Sisson v. Segal*, No. 23-CV-0548 (NEB/JFD), Dkt. No. 5 (D. Minn. Apr. 14, 2023) (objections to Report and Recommendation filed Apr. 20, 2023); *Dale v. Hawkins*, No. H-22-3224, 2023 WL 2601215, at *5 (S.D. Tex. Mar. 22, 2023); *accord Bray v. Yates*, No. 2:22-CV-142-JTR, 2023 WL 2894918, at *6 (E.D. Ark. Apr. 11, 2023) (citing

---

[2]   Prisoners at medium or high risk to recidivate may request to have earned time credits applied towards placement in prerelease custody (i.e., placement in a residential reentry center or home confinement), *see* 18 U.S.C. § 3624(g)(1)(D)(i)(II), but habeas corpus may be invoked only to challenge the legality of the fact or duration of a prisoner's custody, not the location in which the prisoner is held in custody. *See Spencer v. Haynes*, 774 F.3d 467, 469-71 (8th Cir. 2014). Matthews therefore cannot claim in this proceeding that she is entitled to apply any earned time credits towards accelerating the date that she is placed in prerelease custody. *See Johnson v. Birkholz*, No. 21-CV-2017 (PJS/LIB), 2022 WL 3135304, at *2 (D. Minn. Aug. 5, 2022).

*Burruss v. Hawkins*, No. H-22-2740, 2023 WL 319955, at *6 (S.D. Tex. Jan. 19, 2023)). Section 3632(d)(4)(A) does not require that the Federal Bureau of Prisons award credits for each *program* completed. Instead, prisoners "shall earn . . . time credits for every 30 days of successful participation in evidence-based recidivism reduction *programming*." 18 U.S.C. § 3632(d)(4)(A)(i) (emphasis added). A prisoner who participates in one program or many programs simultaneously is equally "participati[ng] in evidence-based recidivism reduction programming," *id.*, and is equally eligible to receive the same amount of time credits. "Congress made clear that a prisoner earns First Step Act Time Credits based on the number of days in which they participate in eligible programs, not the number of eligible programs in which they participate." *Dale*, 2023 WL 2601215, at *5.

This Court believes the language of § 3632(d)(4)(A) to be unambiguous in his respect. But even if the statutory language *were* ambiguous, Matthews would not be entitled to habeas relief unless the regulatory implementation of § 3632(d)(4)(A) by the Federal Bureau of Prisons were an unreasonable interpretation of the statute. "The agency's view 'governs if it is a reasonable interpretation of the statute—not necessarily the only possible interpretation, nor even the interpretation deemed *most* reasonable by the courts.'" *Ameren Corp. v. FCC*, 865 F.3d 1009, 1012 (8th Cir. 2017) (quoting *Entergy Corp. v. Riverkeeper, Inc.*, 556 U.S. 208, 218 (2009)). The Federal Bureau of Prisons has interpreted § 3632(d)(4)(A) consistent with the reading put forward above— prisoners are awarded credits based on days spent in programming, not based on number of programs attended. *See* 28 C.F.R. § 523.42(c)(1) ("For every thirty-day period that an

4

eligible inmate has successfully participated in EBRR Programs or PAs recommended based on the inmate's risk and needs assessment, the inmate will earn ten days of FSA Time Credits."). Regardless of whether this interpretation is required by the text of § 3632(d)(4)(A), "the BOP's interpretation of the FSA credit-accrual formula is clearly reasonable." *Bray*, 2023 WL 2894918, at *6.

This Court therefore concludes that Matthews is not entitled to habeas corpus relief and recommends that her Petition be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Dannielle A. Matthews [Dkt. No. 1] be DENIED.

2. This mater be DISMISSED.

Dated: May 9, 2023

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).