UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dannielle A. Matthews,   Civ. No. 23-1030 (PAM/ECW)

Petitioner,

v.   **MEMORANDUM AND ORDER**

Michael Sagal,[1] Warden,

Respondent.

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Elizabeth Cowan Wright dated May 9, 2023. (Docket No. 4.) The R&R recommends that Petitioner Dannielle A. Matthews's Petition for a Writ of Habeas Corpus be denied and this matter dismissed. Matthews filed a timely objection to the R&R. (Docket No. 5.)

This Court must review de novo any portion of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). After conducting the required review and for the following reasons, the Court **ADOPTS** the R&R. (Docket No. 4.)

As with numerous other identical petitions filed in this District in recent weeks, Matthews's Petition contended that the Bureau of Prisons is incorrectly calculating the time credits Matthews has earned for taking certain programming in the institution. The R&R, however, noted that every court to have considered the issue has agreed with the BOP's interpretation that prisoners are entitled to 10 (or 15) days of credit per month of

---

[1] Although the Petition spells the Warden's name "Sagal," from other filings it appears that the Warden's name is correctly spelled "Segal."

programming in which they participate, not 10 or 15 days of credit per class. (R&R at 2.) Indeed, as one Magistrate Judge in this District has noted, Matthews's interpretation of the statute "would lead to absurd results" because a federal prisoner subject to a long-term sentence who enrolled in a large number of classes might be entitled to release after only a few months. Rice v. Segal, No. 23cv751 (ECT/DJF), Dkt. No. 6 at 3 (D. Minn. Apr. 24, 2023).

Moreover, even if the Court disagrees with the BOP's interpretation of the statute, that interpretation is reasonable. Under well-settled precedent, the Court must defer to it. Entergy Corp. v. Riverkeeper, Inc., 556 U.S. 208, 218 (2009). Matthews believes that the Supreme Court will soon reconsider its longstanding precedent regarding the deference due to agency interpretations of statutes, but this Court is bound by Supreme Court's rulings, not conjecture.

Matthews's Objections also argue about staffing issues at the facility, which apparently have led to fewer classes being offered. Matthews does not say that she has been unable to take classes she wishes to take or specify the harm she personally has suffered as a result of the understaffing. But even if understaffing could conceivably state a claim for relief, this is not a claim Matthews raised in her Petition and it is not properly considered here. As the R&R correctly concluded, Matthews is not entitled to habeas-corpus relief.

Accordingly, **IT IS HEREBY ORDERED that**:

1.  The R&R (Docket No. 4) is **ADOPTED**;

2.  The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**; and

3. This matter is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 23, 2023                                  *s/Paul A. Magnuson*
                                                                            Paul A. Magnuson
                                                                            United States District Court Judge